G. O. K. Enterprises, Incorporated, complainant-respondent,

*v.*

Henry Moos et al., defendants-appellants.

[Submitted February 16th, 1934. Decided May 15th, 1934.]

Mr. *Isadore Glauberman,* for the appellants.

Mr. *Thomas F. Meehan,* for the respondent.

The opinion of the court was delivered by

Donges, J.

On December 6th, 1932, a writ of attachment was sued out of the Hudson county circuit court at the suit of defendant-appellant Henry Moos, against Charles L. O'Reilly. Thereunder, a sum of money on deposit with Commercial Trust Company of New Jersey, in the name of O'Reilly, was attached by the sheriff of Hudson county as the property of O'Reilly. Under date of December 16th, 1932, J. Louis Geller, treasurer of complainant, G. O. K. Enterprises, Incorporated, filed with the sheriff a notice in the name of complainant corporation, signed by Geller as treasurer, claiming the ownership of the moneys attached and requesting a jury be summoned to try the title and agreeing to be bound by the finding of such jury in the premises. A sheriff's jury

was impaneled and it was determined, after trial, that the moneys were the property of O'Reilly and not the moneys of the complainant corporation. The testimony was taken before the sheriff's jury on January 6th, 1933, and the verdict is dated January 6th, 1933, and signed by the jurors.

On January 12th, 1933, complainant filed its bill in the court of chancery, alleging that said moneys belonged to it and praying that all parties be restrained from proceeding against said moneys, or from proceeding in the attachment suit, or from filing the verdict of the sheriff's jury in the minutes of the Hudson county circuit court, and that it be decreed that O'Reilly held the funds in trust for complainant. An order for such restraint pending final hearing was allowed. After hearing, a decree was made adjudging the moneys to be the property of complainant corporation and enjoining any proceedings against the moneys by virtue of the attachment suit. From the decree this appeal is taken.

Appellant asserts that the court of chancery was without jurisdiction to entertain the bill. We do not deem it necessary to pass upon this point. Without intending thereby to affirm or deny the jurisdiction of the court of chancery in this proceeding, we shall dispose of the appeal upon other grounds.

In its bill of complaint, it was alleged that "the complainant through its then attorney, Max Sturm, of Union City, New Jersey, filed a claim of property on behalf of the complainant and the matter was tried out before a sheriff's jury, at the court house, in Jersey City, on the 6th day of January, 1933. The jury, by its verdict, stated that the fund in question belonged to Charles L. O'Reilly."

The hearing in the court of chancery began on July 12th, 1933. On July 27th, 1933, there was filed a stipulation of counsel for respondent and appellant, that amongst the things to be submitted to the vice-chancellor was "(2) The complete file consisting of the various instruments on file with the clerk of the county of Hudson and with the sheriff of the county of Hudson, pertaining to certain proceedings in attachment wherein Henry Moos is complainant and Charles L. O'Reilly is defendant and which proceedings are pending in the Hudson county circuit court." The instruments more

particularly consisted of the following: One writ of attachment, one affidavit, one notice given by the sheriff of Hudson county, one notice given by the complainant in the above proceedings, G. O. K. Enterprises, Incorporated, and one verdict rendered by the jury in the proceedings on the claim of property before the sheriff of Hudson county.

On October 11th, 1933, following a suggestion of the learned vice-chancellor who heard the matter, the bill of complaint was amended to allege that the filing of the claim of property was an unauthorized act on the part of Geller, the treasurer, and was not binding on the corporation. Until the filing of such amendment to the bill of complaint, the action of Geller in filing the claim of property was never questioned by the respondent, but, on the contrary, appears to have been acquiesced in.

The testimony is that the corporation had three directors, O'Reilly, who was also president; Geller, who was treasurer, and A. Kompel, who was secretary. At the trial before the sheriff's jury, both O'Reilly and Geller testified. Kompel was then in California.

The vice-chancellor found that the filing of the claim of property for the corporation was unauthorized and that the acts of both the president and treasurer of the corporation in such respect were officious and not binding on the corporation. He held that proof of authority was essential to give validity to the acts of the officers and directors in taking steps to secure the corporation's property for it. In so finding we think he fell into error.

The officers of the corporation were charged with the duty of protecting the corporate property. A majority of the board of directors appeared at the trial of the claim of property and testified on behalf of the corporation. Nowhere in the record appears a single suggestion of a lack of knowledge and of authority on the part of the participating officers. Nowhere is there an intimation that the directors did not authorize the filing of the notice of claim on behalf of the corporation. In the absence of such proof, the presumption is that the action of the treasurer was authorized. *14A C. J. 471.*

In *Summit Silk Co.* v. *Fidelity Trust Co., 88 N. J. Eq. 113; affirmed, 89 N. J. Eq. 582,* it was said:

"It is undoubtedly true, however, that when a contract is made in the name of the corporation by the president in the usual course of business, which the directors have the power to authorize and to make, or to ratify after it is made, the presumption is that the contract is binding on the corporation until it is shown that the same was not authorized or ratified." See, also, *14A C. J. 394, 395.*

In *Bennett* v. *Millville Improvement Co., 67 N. J. Law 320,* this court said:

"Where a contract, made in the name of a corporation by its president, is one that the corporation has power to authorize its president to make, or to ratify after it has been made, the burden is upon the corporation of showing that it was not authorized or ratified."

Compare *Parsons Mfg. Co.* v. *Hamilton Ice Mfg. Co., 78 N. J. Law 309; 14A C. J. 382.*

In *Bank of United States* v. *Dandridge, 25 U. S. 64; 6 L. Ed. 552,* Mr. Justice Story, speaking for the supreme court of the United States, said:

"If officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed."

And in *Sun Printing and Publishing Assn.* v. *Moore, 183 U. S. 642,* Mr. Chief-Justice White said:

"And it is well settled that the president or other general officer of a corporation has power *prima facie* to do any act which the directors or trustees of the corporation could authorize or ratify. *Oaks* v. *Cattaraugus Water Co., 143 N. Y. 430, 436; 26 L. R. A. 544; 38 N. E. Rep. 461,* and cases cited. The burden was on the Sun Association to establish that Lord did not possess the authority he assumed to exercise in executing the contracts. *Patterson* v. *Robinson, 116 N. Y. 193, 200; 22 N. E. Rep. 372,* and cases cited. As the trustees of the Sun Association were unrestrained by the char-

ter, and might have authorized Lord to execute the writings in question, and the association failed to rebut the *prima facie* presumption, he must be held to have been vested with such power."

In *14A C. J. 370,* it is said:

"Thus the corporation will be estopped on the ground of acquiescence to deny the existence of authority in a particular officer to do a certain act when it has knowledge, or is chargeable with knowledge, that he is exercising such authority, and does not promptly object thereto."

And in *14A C. J. 471,* the rule is stated:

"Thus authority to sue may be implied from authority to collect; and a suit brought in the name of a corporation will be presumed to be authorized by it, where there is no proof to the contrary; or where it is sanctioned by the president and other officers; * * *."

In the instant case, it may be that the corporation acquiesced in and ratified the act of its treasurer, if indeed he lacked authority, when it alleged that it had made a claim of property. But, without regard to this question, it is clear that the treasurer was the officer charged with the duty of looking after the moneys of the corporation; that, with the knowledge and approval of the president, a fellow director, the notice of claim was filed and prosecuted. Thus a majority of the officers and directors had knowledge of and took part in the proceedings. Under the law, it was the act of the corporation; certainly, it was to be regarded as such until the contrary appeared.

The complainant chose its remedy and is bound by such course. *Berry* v. *Chamberlain, 53 N. J. Law 463, 468; Harris* v. *Krause, 60 N. J. Law 72; Reiman* v. *Wilkinson, Gaddis & Co., 88 N. J. Law 383.*

The decree under review is reversed.

*For affirmance*—HETFIELD, J. 1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 13.